**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN DOE,**<br>*PLAINTIFF*<br><br>v.<br><br>**TREDYFFRIN/EASTTOWN SCHOOL DISTRICT**<br>940 WEST VALLEY ROAD<br>WAYNE, PA 19807<br>***AND***<br>**RICHARD GUSICK**<br>940 WEST VALLEY ROAD<br>WAYNE, PA 19807<br>***AND***<br>**AMY MEISINGER**<br>940 WEST VALLEY ROAD<br>WAYNE, PA 19807<br>***AND***<br>**SCOTT GEE**<br>940 WEST VALLEY ROAD<br>WAYNE, PA 19807<br>***AND***<br>**MICHELLE MERGOGLIANO**<br>501 SOUTH WAWASET ROAD<br>WEST CHESTER, PA 19382,<br>*DEFENDANTS* | : | **A CIVIL ACTION – AT LAW**<br>DOCKET NUMBER:<br>26 – CV – 8687<br><br>JURY TRIAL DEMANDED |

**<u>COMPLAINT</u>**

By:
Ryan R. Grace
Attorney I.D. No.: 307192
rgrace@bellwoarkelly.com

**BELLWOAR KELLY, LLP**
126 W. Miner Street
West Chester, PA 19382
(610) 314-7066

**AND NOW the Plaintiff, by and through undersigned counsel, files this Complaint alleging that the Defendants are liable for damages directly and proximately caused by violations of 42 U.S.C. §1983, Title IX of the Education Amendments of 1972 as well as related state law claims, and in support thereof, he avers as follows:**

## THE PARTIES

1. John Doe[*] (hereinafter "Plaintiff") is a pseudonym for an individual, who was born in 2008, lives in the Commonwealth of Pennsylvania, and who, in September 2024, was a teenager and student in his 11th grade year at Conestoga High School located in Wayne, Pennsylvania.
2. Defendant Tredyffrin/Eastown School District (hereinafter "Defendant District") is an entity organized under Pennsylvania law that operates public schools in Chester County, and is recipient of federal funds for the provision of educational services and programs within the Defendant District.
3. Defendant Richard Gusick (hereinafter "Defendant Superintendent") is an adult individual who, at all relevant times, was the Superintendent of Defendant District, responsible for the promulgation, implementation and maintenance of the policies for Defendant District regarding student, faculty and administrative procedures, including but not limited to procedures relating

[*] The Plaintiff filed a "Motion to Proceed Under Pseudonym" concurrently with this Complaint.

to the prevention of and response to the abuse of students in Defendant District:.

4. Defendant Amy Meisinger (hereinafter "Defendant Principal") is an adult individual who, at all relevant times, was the principal of Conestoga High School and responsible for operations of the high school, including oversight of its staff and students as well as educational and extracurricular programs.

5. Defendant Scott Gee (hereinafter "Defendant Coach") is an adult individual who, at all relevant times, was the head coach of an athletic team at Conestoga High School, in which Plaintiff was a participant, and responsible for direct operational control of the athletic team.

6. Defendant Michelle Mercogliano (hereinafter "Defendant Abuser") is an adult individual and citizen of the Commonwealth of Pennsylvania, who, and all relevant times was a special education teacher at Conestoga High School.

7. Plaintiff brings this action against Defendant Superintendent, Defendant Principal, Defendant Coach, and the Defendant Abuser as individuals and in their official capacities as described here.

## JURISDICTION

8. Jurisdiction over this controversy is properly vested in the United States District Court pursuant to 29 U.S.C. §1331, as this is a civil action arising under the Constitution and laws of the United States of America.

9. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 23 U.S.C. § 1367(a).

10. At all relevant times, the Defendants acted under the color of state law as defined by 42 U.S.C. §1983.

11. The Plaintiff demands a jury be empaneled to decide the matter.

## VENUE

12. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims physically occurred within this District and the Defendants conduct substantial business within this District, specifically within Chester County, Pennsylvania.

13. The unlawful acts and omissions of the Defendant directly and proximately caused damage to the Plaintiff valued in excess of one hundred and fifty thousand dollars ($150,000).

## THE FACTS

14. The Defendants immensely harmed the Plaintiff when his school district negligently caused him to suffer sexual abuse by a high school teacher, and then unlawfully retaliated against him for reporting the sexual abuse.

15. At all relevant times, The Defendant Abuser was a special education teacher at Conestoga High School, located at 200 Irish Rd. Berwyn, PA 19312 (hereinafter "The School").

16. The School educates children in grades 9 through 12.

17. The Defendant District receives federal funding for the provision of educational services.

18. Defendant District and Defendant Superintendent oversee The School, and Defendant Principal's daily operational control of The School.

19. Defendant District, Defendant Superintendent, and Defendant Principal oversee extracurricular activities of The School, including over Defendant Coach and his daily operational control of an athletic team at The School.

20. The Plaintiff was a student at The School during the 2024-25 school year.

21. As of the 2024-25 school year, Plaintiff was a recipient of special education services with an individual education plan.

22. The Defendants assigned The Defendant Abuser to be the Plaintiff's special education teacher for the 2024-25 school year.

23. Early in the 2024-25 school year, The Defendant Abuser engaged in grooming behavior toward the Plaintiff, including communication through social media, flirtation, and other actions that promoted, facilitated, and enabled The Defendant Abuser to initiate intimate physical contact with the Plaintiff.

24. During the 2024-25 school year, The Defendant Abuser's grooming behavior escalated to frequent instances of conduct with the minor Plaintiff that

amounted to the Pennsylvania definitions, of "indecent contact," "sexual intercourse," and "deviate sexual intercourse," *18 Pa.C.S. § 3101*.

25. During the 2024-25 school year, The Defendant Abuser engaged in several acts that corrupt or tend to corrupt the morals of a minor, including The Defendant Abuser providing controlled substances to the minor Plaintiff, and The Defendant Abuser aiding and abetting truancy by the Plaintiff.

26. At all relevant times, The Defendant Abuser was an adult employee of The School and had direct contact with the Plaintiff, a student, at and through the School's official activities.

27. The Defendant Abuser directly used her position of authority over Plaintiff to enable sexual abuse of the Plaintiff, and to effectuate the Plaintiff's acquiescence to corrupting influences (hereinafter "The Abuse").

28. On April 30, 2025, Police charged The Defendant Abuser with two felony violations of 18 § 3124.2 §§ (a.2)(1), related to Institutional sexual assault, one felony violation of 18 § 6318 §§ (A)(1), related to Unlawful Contact with a Minor, and one misdemeanor violation of 18 Pa.C.S. § 6301(a)(1)(i), related to Corruption of Minors.

29. After a guilty plea on April 30, 2026, The Defendant Abuser was convicted of all four criminal counts charged against her and sentenced in a final order of court, inter alia, to incarceration, probation, and sex offender registration.

30. Prior to The Abuse, Plaintiff was performing well academically, active in extracurricular activities, and engaged socially within The School's community.

31. After Police charged The Defendant Abuser with The Abuse, The Defendant District, through its agents and representatives, retaliated against the Plaintiff for his report of The Abuse.

32. The Defendant District reduced educational support for the Plaintiff after Police charged The Defendant Abuser with The Abuse, including representatives encouraging the Plaintiff's family to remove the Plaintiff from The Defendant District.

33. The Plaintiff's grades and academic performance suffered due to the reduction in educational support.

34. Prior to The Assault, the Plaintiff was a stand-out member of an athletic team at The School, a member of its starting roster, as well as a participant in elite outside training and collegiate athletic scouting.

35. After Police charged The Defendant Abuser with The Abuse, The Defendant Coach revoked Plaintiff's position on the starting roster.

36. The Defendant Coach replaced the Plaintiff on the starting roster with a statistically inferior player.

37. The Defendant Coach did not formally articulate a reason for revocation of the Plaintiff's position on the starting roster.

38. Members of the coaching staff of The School's athletic team privately acknowledged to Plaintiff that the decision to revoke his position on the starting roster was not made for competitive gain, and was based on some other reason.

39. The Defendant Abuser's family is well known in the community in and around Defendant District, including support of individuals closely connected with The School's athletics program.

40. Plaintiff avers that Defendant Coach revoked Plaintiff's athletic opportunities in direct retaliation for Plaintiff making criminal complaints against Defendant Abuser.

41. As a direct result of the Plaintiff's lost position on the starting roster, it impossible for Plaintiff to continue toward a collegiate athletic career.

42. The Plaintiff suffered open and offensive ridicule from classmates and peers after Police charged The Defendant Abuser with The Abuse, including chants referencing The Abuse from a student section at a varsity athletics event.

43. The Plaintiff suffered extreme social isolation after Police charged The Defendant Abuser with The Abuse, including abstention from school events.

44. The Defendant Superintendent and Defendant Principal were on notice of the Plaintiff's declining academic performance, revocation of extracurricular opportunities, and open social ridicule.

45. Despite knowledge of the retaliation against Plaintiff, the Defendant Superintendent and the Defendant Principal failed to take reasonable action to prevent and/or remedy the Plaintiff's declining academic performance, revocation of extracurricular opportunities, and open social ridicule.

46. The acts and omissions of Defendant District, Defendant Superintendent, and Defendant Principal, in response to the Plaintiff's declining academic

performance, revocation of extracurricular opportunities, and open social ridicule amounts to deliberate indifference.

47. The Defendant District and Defendant Superintendent oversaw at least three other instances of sexual abuse by employees of Defendant District against its students, in 2017 and 2021, including two instances at The School specifically.

48. At all relevant times, The Defendant District had a policy or custom that failed to reasonably respond to sexual abuse by employees of Defendant District against its students.

49. The unreasonable response of Defendant District, Defendant Superintendent, and Defendant Principal to three recent incidents of sexual abuse by employees of Defendant District against its students amounts to deliberate indifference.

50. The Abuse of Plaintiff, directly and proximately caused by unreasonable supervision of Defendant District, Defendant Superintendent, and Defendant Principal, directly and proximately caused extreme damage to the Plaintiff including:

   a. Severe emotional and psychological trauma, anxiety;
   b. Fear, trust issues, and heightened sense of vulnerability;
   c. Mental pain and suffering;
   d. Significant impairment of emotional function and reaction;
   e. Depression and mental anguish;
   f. Embarrassment and humiliation;
   g. Loss of self-confidence and self-esteem;

h. Diminished quality of life and loss of enjoyment of her college experience; and

i. Academic suffering and significant decline in performance.

51. The Defendant District's retaliation against Plaintiff, and the deliberate indifference by Defendant District, Defendant Superintendent, and Defendant Principal to the retaliation, directly and proximately caused extreme damage, including:

a. Embarrassment and humiliation;

b. Loss of self-confidence and self-esteem;

c. Diminished quality of life and loss of enjoyment of her college experience;

d. Loss of collegiate football career; and,

e. Academic suffering with significant decline in performance.

52. Defendant District, Defendant Superintendent, and Defendant Principal permitted repeated sexual abuse of students by employees of Defendant District from 2017 through The Abuse of Plaintiff in 2024 in a way that was wanton, malicious, and reckless.

53. Defendant District, Defendant Superintendent, and Defendant Principal permitted gross retaliation against the Plaintiff for reporting The Abuse in a way that was wanton, malicious, and reckless.

54. The Defendant Abuser engaged in a long pattern of criminal abuse against the Plaintiff in a way that was wanton, malicious, and reckless.

**<u>COUNT I</u>**
**Deprivation of Rights - 42 U.S.C. § 1983**
***Plaintiff v. Defendants District, Superintendent, and Coach***

55. The above paragraphs of the Complaint are incorporated herein by reference as through set forth at length.

56. At all relevant times, the Plaintiff was a student registered with Defendant District.

57. Defendant District is a municipal entity empowered by the Commonwealth of Pennsylvania and, at all relevant times, its agents and representatives acted under color of law.

58. The Defendant Superintendent and Defendant Coach were employees and/or agents of Defendant District and, at all relevant times, they acted under color of law.

*59.* "[A]ny person within the jurisdiction of the United States may invoke . . . [a Section 1983 claim] against any other person who, acting 'under color of' state law, has deprived them of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *<u>Health and Hospital Corporation of Marion County v. Talevski</u>, 599 U.S. 166, 175, 143 S. Ct. 1444, 1452 (2023) (citing 42 U.S.C. § 1983).*

60. The abusive conduct of the Defendant Abuser, as well as the retaliation by agents of The District against Plaintiff for reporting The Abuse, deprived the Plaintiff of Constitutional and federally protected statutory rights and resulted from acts and omissions, policies, customs and practices maintained and

endorsed by Defendant District, Defendant Superintendent, and Defendant Coach, who had policymaking authority, including:

a. Failure to train District personnel regarding the proper investigation of child abuse allegations;

b. Systematic failure to conduct, or to ensure that proper and thorough investigating of child abuse allegations are/were conducted;

c. Systematic failure to report, or to ensure that credible allegations of child abuse were reported to the proper agencies and authorities;

d. Systematic failure to ensure District compliance with Pennsylvania's Child Protective Services Law;

e. Systematic failure to implement or maintain procedures to screen employee applicants for past allegations and/or indicators of child abuse;

f. Systematic failure to terminate or otherwise discipline employees, against whom credible allegations of child abuse are made, or are known to have engaged in a pattern of abusing or harassing underage students;

g. Systematic failure to limit or monitor one-on-one time and/or out-of-school communication between students and staff;

h. Systematic retaliation against the Plaintiff for making a lawful report of sexual abuse through reduction of educational support;

i. Systematic retaliation against the Plaintiff for making a lawful report of sexual abuse through deliberate indifference to social ostracization following report of The Abuse;

j. Systematic retaliation against the Plaintiff for making a lawful report of sexual abuse through restriction of extracurricular activities;

k. Promulgating and/or maintaining policies and/or customs, which resulted in systematic and repeated violations of the Constitutional rights of Plaintiffs and other students; and,

l. Deliberate indifference to complaints of students and their parents regarding abusive conduct by teachers, including but not limited to the Defendant Abuser and prior similar abusers.

61. As a direct and proximate result of The Abuse, the Plaintiff suffered extreme damage as set forth above here.

62. As a direct and proximate result of retaliation for reporting The Abuse, the Plaintiff suffered extreme damage as set forth above here.

**WHEREFORE**, the Plaintiff demands judgement against the Defendant District, Defendant Superintendent, and Defendant Coach for a sum in excess of one hundred and fifty thousand ($150,000.00) in compensatory damages, attorney fees, and interest together with permissible costs of suit, and all other relief The Court deems appropriate.

**COUNT II**
**Violations of Title IX**
***Plaintiff v. Defendant District***

63. The above paragraphs of the Complaint are incorporated herein by reference as through set forth at length.

64. The Plaintiff was subjected to sexual assault by an employee of Defendant District, who was acting under authority of Defendant District.

65. The sexual assault of the Plaintiff was severe, objectively offensive, created a hostile education environment based on her sex/gender, and deprived the Plaintiff of access to educational opportunities on the basis of her sex/gender.

66. The Plaintiff reported The Abuse, and agents of Defendant District had a resultant authority and ability to take corrective action under Title IX of the Education Amendments, *20 U.S.C. § 1681*.

67. At all relevant times, the Defendant received federal funds for the provision of educational services.

68. The Defendant District was obligated to take reasonable corrective action in response to The Abuse of Plaintiff.

69. Following the Plaintiff's report of The Abuse, the Defendant District failed to take reasonable action to remedy the damage caused to Plaintiff's educational career.

70. The Defendant District further failed to take the immediate steps required by Title IX to provide prompt supportive measures to assist Plaintiff.

71. Following the Plaintiff's report of The Abuse, the Defendant District failed to take reasonable action to ensure no further damage was caused to Plaintiff's educational career.

72. Defendant District and its agents were restricted from retaliating against the Plaintiff for his report of sexual assault, under Title IX of the Education Amendments, *20 U.S.C. § 1681*.

73. Agents of the Defendant District retaliated against the Plaintiff for reporting The Abuse.

74. Following the Plaintiff's report of The Abuse, the Defendant District took no reasonable action to ensure educational support to the Plaintiff, prevent his loss of valuable extracurricular activities, and maintain his social development.

75. Acts and omissions of the Defendant District, in violation of Title IX directly and proximately caused the Plaintiff to suffer extreme economic damages, including reduced academic enrichment, lost collegiate athletic opportunity, and degradation of social network.

76. The acts and omissions of the Defendant District amount to deliberate indifference to sexual abuse of students by employees of Defendant District.

77. The acts and omissions of the Defendant District amount to deliberate indifference to instances of retaliation against Plaintiff for reporting sexual abuse of students by employees of Defendant District.

78. The Defendant's deliberate indifference to the Plaintiff's educational rights deprived him of access to educational opportunities.

79. As a direct and proximate result of the Defendant District's Title IX violations and deliberate indifference, the Plaintiff suffered loss of educational opportunities, along with injuries, loss of earnings, and diminished earning potential.

**WHEREFORE**, the Plaintiff demands judgement against the Defendant District for a sum in excess of one hundred and fifty thousand ($150,000.00) in compensatory damages, attorney fees, and interest together with permissible costs of suit, and all other relief The Court deems appropriate.

## COUNT III
## Discrimination and Denial of Benefits under Section 504
## *Plaintiff v. Defendant District*

80. The above paragraphs of the Complaint are incorporated herein by reference as through set forth at length.

81. At all relevant times, the Defendant District received federal financial assistance from several sources.

82. At all relevant times, Plaintiff was a special education student and qualified for protection under Section 504 of the Rehabilitation Act, *29 U.S.C. § 794*.

83. Despite his special education status, at all times, Plaintiff was otherwise qualified to attend Defendant District's schools and programs with appropriate special education programming, safe conditions, related services, accommodations and supplemental supports for purposes of Section 504.

84. At all times relevant to this Complaint, Defendant District knew of Plaintiff's special education status and associated needs as described in this Complaint.

85. The Defendant District discriminated against Plaintiff on the basis of his special education status and denied him the equal benefits of his educational program, by failing to provide him with a safe, appropriate, and properly supervised educational program with properly hired, trained, and supervised educational professionals where he would be free from sexual assault, abuse and trauma.

86. The Defendant District had the duty and responsibility to ensure that Plaintiff's educational program was safe, appropriate, and properly supervised with properly hired, trained and supervised staff.

87. Plaintiff would not have been subjected to these injuries described in this Complaint if he had not been a special education student.

88. Plaintiff was deprived of the equal benefits of his educational program, and otherwise subject to discrimination, because of his status as a special education student.

89. The Defendants acted with deliberate indifference, bad faith, and/or gross misjudgment and violated Plaintiff's rights secured by Section 504. *29 U.S.C. § 794; 34 C.F.R. §§ 104.4 and 104.7.*

*90.* "The Third Circuit has held that the inadequacy of training may itself serve as the basis for liability where it amounts to 'deliberate indifference.'" *Susavage v. Bucks County Schools Intermediate Unit No. 22, 2002 WL 109615 at *7 (E.D.*

*Pa. Jan. 22, 2002) (citing Reitz v. County of Bucks, 125 F.3d 139, 145 (3d Cir. 1997)).*

91. "[T]o make out a claim of deliberate indifference based on direct liability (i.e., insofar as the defendants are alleged to have known of and ignored [a] particular risk . . .), the plaintiffs must . . . show that the defendants knew or were aware of and disregarded an excessive risk to the plaintiffs' health or safety, and they can show this by establishing that the risk was obvious." *Id.* (*quoting Beers-Capital v. Whetzel, 256 F.3d 120, 135 (3d Cir. 2001) (internal quotation marks omitted)).*

92. As a direct and proximate result of Defendants' violations of Section 504 as set forth above, Plaintiff was injured, and has suffered physical, mental, and emotional trauma, pain and suffering, separation from family and other relationships, humiliation, educational harm and loss, and loss of life's most basic pleasures. He has incurred and will continue to incur significant physical, mental, emotional, and behavioral harm, work loss, monetary loss, medical/treatment bills, humiliation, and is entitled to monetary damages stemming from the injuries he has suffered due to Defendants' violations of Section 504.

93. As a result of these violations, Plaintiff continues to suffer injuries and damages as described herein.

**WHEREFORE**, Plaintiff demands judgment in his favor against Defendant District for compensatory damages in excess of One Hundred and Fifty Thousand Dollars ($150,000), interest, costs and such other and further relief as this Court deems just and proper.

**COUNT IV**
**Discrimination and Denial of Benefits under the ADA**
***Plaintiff v. Defendant District***

94. The above paragraphs of the Complaint are incorporated herein by reference as through set forth at length.

*95.* The requirements for a claim under the ADA are similar to Section 504, except that under the ADA, a plaintiff's disability need be only one factor in causing the denial of benefits or discrimination at issue and a lower standard of causation is applicable. *See* 29 U.S.C. § 794(a); *see also* 42 U.S.C. § 12132; *Helen L. v. DiDario, 46 F.3d 325, 330 n.7 (3d Cir. 1995); Furgess v. Pa. Dept. of Corr., 933 F.3d 285 (3d Cir. 2019).*

96. As set forth above, Defendants violated Section 504; thus, Defendant District also violated the ADA.

97. Plaintiff is special education student and qualifies for protection under the ADA.

98. At all times relevant to this Complaint, Defendant District knew of Plaintiff's special education status and associated needs as described in this Complaint.

99. Despite his special education status, at all times relevant to this Complaint, Plaintiff was otherwise qualified to attend Defendants District's schools and programs with appropriate instruction, Related Services, accommodations and supplemental supports for purposes of the ADA.

100. The Defendant District discriminated against Plaintiff on the basis of his special education status and denied him the equal benefits of his educational program by failing to provide him with a safe, appropriate, and properly supervised educational program where he would be free from harm.

101. The Defendant District had the duty and responsibility to ensure that Plaintiff's education was free of abuse and harassment at school, that he was not subjected to a hostile educational environment, and that he possessed the self-advocacy skills needed to respond to abuse and harassment.

102. Plaintiff would not have been subjected to these injuries described in this Complaint if he had not been a special education student.

103. Plaintiff was deprived of the equal benefits of his educational program, and otherwise subject to discrimination, because of his special education status.

104. Defendant District violated Plaintiff's rights secured by the ADA and 28 C.F.R. § 35.130, by its actions and inactions which: (a) subjected Plaintiff to discrimination, in violation of 28 C.F.R. § 35.130(a); and (b) limited Plaintiff in the enjoyment of rights, privileges, advantages, or opportunities enjoyed by others receiving the aid, benefit, or service, in violation of 28 C.F.R. § 35.130(b)(1)(vii).

105. The Defendant District acted with deliberate indifference, bad faith, and/or gross misjudgment and/or violated Plaintiff's rights secured by the ADA.

106. As a direct and proximate result of Defendant District's violations of the ADA as set forth above, Plaintiff was injured, and has suffered physical, mental, and emotional trauma, pain and suffering, separation from family and other relationships, humiliation, educational harm and loss, and loss of life's most basic pleasures. He has incurred and will continue to incur significant physical, mental, emotional, and behavioral harm, work loss, monetary loss, medical/treatment bills, humiliation, and is entitled to monetary damages stemming from the injuries he has suffered due to Defendants' violations of the ADA.

107. As a result of these violations, Plaintiff continues to suffer injuries and damages as described herein.

108. Defendant District is a municipal entities and state actors subject to suit pursuant to 42 U.S.C. § 1983.

109. At all times material here, all Defendants acted under color of state law by and through its agents, ostensible agents, and/or employees.

110. A private citizen, including Plaintiff, can seek relief under Section 1983 to enforce the ADA because the ADA has no exhaustion requirement and does not have an "unusually elaborate," "carefully tailored," and "restrictive" enforcement scheme. *Talevski*, 599 U.S. at 171, 187-88, 143 S. Ct. at 1450, 1459-60.

111. The federal statutory rights prescribed by the ADA and violated by Defendant District as set forth herein include the right to be free from discriminatory conduct.

112. Defendant District violated Plaintiff's rights secured by ADA, by its actions and inactions which (a) subjected Plaintiff to discrimination and denial of benefits, in violation of 28 C.F.R. § 35.130(a); (b) limited Plaintiff in the enjoyment of rights, privileges, advantages, or opportunities enjoyed by others receiving the aid, benefit, or service, in violation of 28 C.F.R. § 35.130(b)(1)(vii).

113. The Defendant District was on notice of the potential for Plaintiff's emotional and physical injury as a result of the abuse by a special education teacher.

114. The ADA confers onto Plaintiff an equal right to a safe education free from discriminatory treatment and/or loss of educational benefits.

115. The actions of the Defendant District violated rights that the ADA guaranteed Plaintiff as a special education student.

116. Defendants acted intentionally, with deliberate indifference, with gross misjudgment, or with bad faith, to the federally protected rights of Plaintiff.

117. As a direct result of the actions of Defendant District as set forth herein, Plaintiff was caused to suffer the injuries and losses as described in this Complaint.

**WHEREFORE**, Plaintiff demands judgment in his favor against Defendant District for compensatory damages in excess of One Hundred and Fifty Thousand Dollars ($150,000), interest, costs, and such other and further relief as this Court deems just and proper.

**COUNT V**
**Negligence**
***Plaintiff v. Defendants District, Superintendent, and Principal***

118. The above paragraphs of the Complaint are incorporated herein by reference as through set forth at length.

119. As the offense of Institutional Sexual Assault is enumerated under 42 Pa.C.S. § 5551(7), the Defendant District, Defendant Superintendent, and Defendant Principal do not have sovereign immunity protection for their negligence, *42 Pa.C.S.§ 8522(b)(10).*

120. Defendant District, and its agents including Defendant Superintendent and Defendant Principal, owed Plaintiff the highest duty of care under the law because of the special relationship between Plaintiff and Defendant District, *Restatement (2d) of Torts, §315.*

121. Defendant District, and its agents including Defendant Superintendent and Defendant Principal, also owed Plaintiff the highest duty of care under the law because Defendant District had a duty to protect Plaintiff from wrongful acts of its agents, *Restatement (2d) of Torts, §317.*

122. The Defendant District, Defendant Superintendent, and Defendant Principal had an affirmative duty to protect the Plaintiff from foreseeable harm arising from involvement with The School, as well as from foreseeable harm caused by The Defendant Abuser.

123. The Defendant District, Defendant Superintendent, and Defendant Principal failed to adequately supervise or monitor the Defendant Abuser.

124. The Defendant District, Defendant Superintendent, and Defendant Principal failed to take reasonable steps to address prior sexual abuse of students by employees leading up to The Abuse of Plaintiff.

125. It was reasonably foreseeable to The Defendant District, Defendant Superintendent, and Defendant Principal that failure to take reasonable steps, addressing prior sexual abuse of students by employees, would cause further sexual abuse of students by employees of Defendant District.

126. The Defendant unreasonably permitted the Defendant Abuser to have inappropriate contact with the Plaintiff on its premises, which contributed to the grooming and eventual sexual abuse of Plaintiff, including unsupervised one-on-one time alone, communication through social media applications, and instances when the Defendant Abuser personally drove the Plaintiff to The School.

127. The Defendant District, Defendant Superintendent, and Defendant Principal knew or should have known of the heightened risks of sexual assault by adults on minors when inappropriate contact, as described above, is permitted.

128. The Defendant breached its duty of care to the Plaintiff, directly causing significant damage to the Plaintiff.

129. It was reasonably foreseeable that the unreasonable acts and omissions of Defendant District, Defendant Superintendent, and Defendant Principal would lead to sexual assault of students by employees of Defendant District.

130. The Defendant Abuser's sexual abuse of the Plaintiff directly caused serious damage to the Plaintiff, as described above here.

131. It was reasonably foreseeable that sexual abuse of a student by a teacher would cause serious damage to that student.

132. As a direct and proximate result of Defendant's acts and omissions, the Plaintiff suffered severe physical, emotional, and psychological injuries.

133. Despite all reasonable efforts at mitigation, the Plaintiff suffered extreme damage, caused by the Defendant, which is likely to continue for the foreseeable future.

134. Negligence by Defendant District, and its agents, directly caused the Plaintiff injury from violation of Institutional Sexual Assault, *18 Pa.C.S. § 3124.2*.

**WHEREFORE**, the Plaintiff demands judgement against the Defendant District, Defendant Superintendent, and Defendant Principal for a sum in excess of one hundred and fifty thousand ($150,000.00) in compensatory damages, attorney fees, and interest together with permissible costs of suit, and all other relief The Court deems appropriate.

**COUNT VI**
**Deprivation of Rights - 42 U.S.C. § 1983**
***Plaintiff v. Defendant Abuser***

135. The above paragraphs of the Complaint are incorporated herein by reference as through set forth at length.

136. At all relevant times, the Defendant Abuser was assigned by Defendant District to act as the special education teacher for the Plaintiff.

137. The Defendant Abuser was acting under the color of state law when she groomed, sexually abused, and generally corrupted the morals of the Plaintiff.

138. The Defendant Abuser took advantage of her capacity as Plaintiff's teacher, through the authority created under state law, while the Plaintiff was a minor, in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, including his rights to security of person, due process, and equal protection.

139. The Plaintiff suffered extreme harms and damages alleged hereinabove as a result of the Constitutional violations committed by Defendant Abuser.

**WHEREFORE**, the Plaintiff demands judgement against the Defendant Abuser for a sum in excess of one hundred and fifty thousand ($150,000.00) in compensatory damages, punitive damages, and interest together with permissible costs of suit, and all other relief The Court deems appropriate.

## COUNT VII

**Intentional Infliction of Emotional Distress**

***Plaintiff v. Defendants Abuser***

140. The above paragraphs of the Complaint are incorporated herein by reference as through set forth at length.

141. The Defendant Abuser groomed, sexually abused, and generally corrupted the morals of the Plaintiff at time when he was a minor and in a way that amounted to criminal, extreme, and outrageous conduct.

142. It was reasonably foreseeable to the Defendant Abuser that her conduct, in which she groomed, sexually abused, and generally corrupted the morals of the Plaintiff, would cause extreme emotional distress to the underage Plaintiff.

143. The Defendant Abuser, by her extreme and outrageous conduct, intentionally or recklessly caused Plaintiff to suffer severe emotional distress, as described above here.

**WHEREFORE**, the Plaintiff demands judgement against the Defendant Abuser for a sum in excess of one hundred and fifty thousand ($150,000.00) in compensatory damages, punitive damages, and interest together with permissible costs of suit, and all other relief The Court deems appropriate.

**COUNT VIII**
**Assault and Battery**
***Plaintiff v. Defendant Abuser***

144. The above paragraphs of the Complaint are incorporated herein by reference as through set forth at length.

145. At all relevant times, the Plaintiff was a minor and the Defendant Abuser accomplished physical contact with the Plaintiff through manipulation and abuse of authority.

146. The physical contact between the Defendant Abuser and the Plaintiff amounted to nonconsensual sexual conduct.

147. The physical contact between the Defendant Abuser and the Plaintiff caused enormous harm to the Plaintiff as described above here.

**WHEREFORE**, the Plaintiff demands judgement against the Defendant Abuser for a sum in excess of one hundred and fifty thousand ($150,000.00) in compensatory damages, punitive damages, and interest together with permissible costs of suit, and all other relief The Court deems appropriate.

Respectfully Submitted,
**BELLWOAR KELLY, LLP**

Ryan R. Grace
*Attorney for the Plaintiff*